1

**MICHAELSON, SUSI & MICHAELSON**
A Professional Corporation
ATTORNEYS AT LAW
SEVEN WEST FIGUEROA STREET, SECOND FLOOR
SANTA BARBARA, CALIFORNIA 93101-3191
Telephone: (805) 965-1011
Facsimile: (805) 965-7351

Peter Susi, Bar No. 62957

(SPACE BELOW FOR FILING STAMP ONLY)

2

3

4

5

6    Attorneys for Debtor and Debtor-in-Possession

7

8                **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION**

10

11    In re                                    ) BK No. 9:10-bk-10864
                                              )
12    HOLLYWOOD MOTION PICTURE                 ) Chapter 11
      TRUST,                                   )
13                                             ) MOTION FOR ORDER DIRECTING
                    Debtor.                    ) JOINT ADMINISTRATION OF
14                                             ) RELATED CASES PURSUANT TO
                                              ) FEDERAL RULE OF BANKRUPTCY
15                                             ) PROCEDURE 1015(B) AND LOCAL
                                              ) BANKRUPTCY RULE 1015-1(B);
16                                             ) DECLARATION OF TODD FISHER IN
                                              ) SUPPORT THEREOF
17                                             )
                                              ) Date:    March 31, 2010
18                                             ) Time:    10:00 a.m.
                                              ) Place:   1415 State Street
19                                             )          Courtroom 201
20    _____          )          Santa Barbara, CA

21         TO THE HONORABLE ROBIN L. RIBLET, UNITED STATES BANKRUPTCY

22    JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, CREDITORS, AND

23    ALL PARTIES ENTITLED TO SPECIAL NOTICE:

24         Hollywood Motion Picture Trust ("Trust")  hereby moves

25    this Court, pursuant to Rule 1015(b) of the Federal Rules of

26    Bankruptcy Procedure and Local Bankruptcy Rules 1015-1(b) for

27    entry of an order, substantially in the form of Exhibit "1",

28    authorizing the joint administration of this case with the

                                  - 1 -

1  bankruptcy cases of related entities Hollywood Motion Picture

2  and Television Museum ("Museum"), case number 9:09-bk-12311,

3  and Selden Enterprises Limited Partnership ("Selden"), case

4  number 9:10-bk-10865.  Museum, Trust and Selden will be

5  referred to herein as the "Debtors."

6                              I.

7                       BACKGROUND FACTS

8      Trust and Selden have entered into agreements with Gregory

9  Orman ("Orman") whereby Trust and Selden have pledged personal

10  property assets to secure the obligations of Museum to Orman.

11  Orman has brought suit against Museum, Trust, and Selden in the

12  District Court of Johnson County, Kansas, Case No. 08-CV-06262,

13  seeking judgments against all three based upon money loaned to

14  Museum.  Orman has filed a Proof of Claim in the Museum case

15  seeking payment of the amount of $5,516,845.99 plus interest of

16  thirty percent (30%) per annum on $2,020,000 from and after

17  June 12, 2009 until paid.  Trust, Selden, and Museum dispute

18  the amount claimed.

19      Trust and Selden each filed for protection under Chapter

20  11 of the Bankruptcy Code to stay the Kansas litigation and

21  intend to file a joint plan of reorganization which will

22  provide for payment of the Orman obligation in full on terms to

23  be approved by the Bankruptcy Court.

24  ///

25  ///

26  ///

27  ///

28                              II.

1

ARGUMENT

2   Although Section 302(a) of the Bankruptcy Code

3   specifically provides for joint administration of filings by

4   spouses, there is no provision in the Bankruptcy Code governing

5   joint administration of cases such as these.  Rule 1015(b) of

6   the Federal Rules of Bankruptcy Procedure, however, makes clear

7   that joint administration may be appropriate when two or more

8   related debtor entities have filed for protection under the

9   Bankruptcy Code.  Federal Rule of Bankruptcy Procedure 1015

10  provides, *inter alia*:

11      (b)  Cases Involving Two or More Related Debtors.  If
        a joint petition or two or more petitions are pending
12      in the same court by or against . . . a debtor or an
        affiliate, the court may order a joint administration
13      of the estates . . .

14

15      (c)  Expediting and Protecting Orders.  When an order
        for . . . joint administration of a joint case or two
16      or more cases is entered pursuant to this rule, while
        protecting the rights of the parties under the Code,
17      the court may enter orders as may tend to avoid
        unnecessary costs and delay.

18

19  Rule 1015 of the Federal Rules of Bankruptcy Procedure

20  promotes the fair and efficient administration of related cases

21  of affiliated debtors, while ensuring that no rights of

22  individual creditors are unduly prejudiced.[1]  As stated in the

23  official Advisory Committee Note:

24

25  _____

26  [1]     See 2 Collier on Bankruptcy, at 301-06 (15th ed. Rev. 2003); *see also
    In re Parkway Calabasas, Ltd.*, 89 B.R. 832, 836 (Bankr. C.D.Cal. 1988)(joint
27  administration is designed to promote procedural convenience and cost
    efficiencies but does not affect substantive rights of creditors or
28  respective debtor estates).

1      Joint administration as distinguished from
consolidation may include combining the estates by

2      using a single docket for the matters occurring in
the administration, including the listing of filed

3      claims, the combining of notices to creditors of the
different estates, and the joint handling of other

4      purely administrative matters that may aid in
expediting the cases and rendering the process less

5      costly.[2]

6

7      Joint administration differs significantly from

8 substantive consolidation, in which the debtors' assets and

9 liabilities are aggregated and, generally, the creditors of the

10 separate entities share *pro rata* in the aggregate net value of

11 the estates.[3]  Joint administration, by contrast, is merely

12 procedural; each of the debtors' estates remains a separate

13 legal entity, and creditors' individual rights to each estate

14 are preserved.[4]  Thus, joint administration does not in itself

15 prejudice the rights of any creditor.

16      Here, Museum, Trust and Selden are all affiliates of one

17 another as defined under Bankruptcy Code section 101(2)(B).

18 All three entities are controlled and substantially owned by

19 Debbie Reynolds and her children, Todd Fisher and Carrie

20 Fisher.  With the exception of a building owned by Selden, the

21 only significant assets of each of the entities are costumes

22 and Hollywood memorabilia collected by Ms. Reynolds and her

23 children over a lifetime.  These personal property assets were

24

25 [2]   Fed.R.Bankr.P. 1015, Advisory Committee Note (1983).

26 [3]   *See In re Standard Brands Paint Co.*, 154 B.R. 563 (Bankr. C.D. Cal.
1993); *In re I.R.C.C., Inc.*, 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989).

27

28 [4]   *See Parkway Calabasas Ltd.*, 89 B.R. at 836-37; *see also In re H.H.
Distribs., L.P.,* 400 B.R. 44, 54 (Bankr. E.D. Pa. 2009); *In re Ben Franklin
Retail Stores, Inc.*, 214 B.R. 852, 857 (Bankr. N.D. Ill. 1997).

- 4 -

1   all to be displayed in a single museum being constructed in

2   Tennessee.

3       All three debtors intend to file a single joint plan of

4   reorganization to address the claim of their only significant

5   creditor, aside from the first mortgage on Selden's building

6   which is current, Greg Orman, who holds a security interest in

7   all personal property assets to secure a single obligation.

8   The issues, the assets, and the principal debtor adversary

9   party are the same in all three cases.

10      Joint administration will greatly reduce the costs of

11  administering these cases, eliminate the substantial confusion

12  and waste created by maintaining separate dockets, and reduce

13  the burden on the Court system.  Absent joint administration,

14  additional copying will need to be done at substantial costs to

15  the estates without any benefit to creditors.  Such duplication

16  would divert resources away from addressing substantive issues,

17  including maximizing the value of the estates for all affected

18  parties.  Joint administration will relieve the Court of the

19  burden of entering duplicative orders and maintaining

20  duplicative files in each case.  Joint administration will also

21  simplify the administrative burden on the Office of the United

22  States Trustee in its supervision of these cases.

23      B.   The Joint Administration Procedures

24      The Debtors propose that the joint administration of these

25  cases be implemented as follows:

26      Captions:  The captions of these cases will be modified to

27  reflect the joint administration of these cases in the form set

28  forth in Exhibit "1".

1    Pleadings:  The Clerk of the Court will maintain a single

2    docket for all of the Debtors' pending Chapter 11 cases and for

3    filing, lodging, and docketing the pleadings, orders, and all

4    other papers (including notices of hearings in any of the

5    cases) filed in these cases, all of which will be filed under

6    the case number assigned to Museum, using a form of caption in

7    substantially the form attached hereto as Exhibit "1".

8    Notices:  The Debtors and other parties in interest shall

9    be authorized, but not required, to combine notices to the

10   Debtors' creditors.

11   Proofs of Claim:  Because the Debtors are separate

12   entities and there has been no substantive consolidation of

13   these estates, proofs of claim should be captioned and filed

14   against the particular estate against which a claim is

15   asserted.  To that end, separate claims registers for each

16   estate will be maintained.

17   Schedules of Assets and Liabilities:  Museum, Trust and

18   Selden have each filed separate Schedules of Assets and

19   Liabilities and Statements of Financial Affairs.

20   Notice to Creditors of Entry of Order:  After entry of the

21   Order approving this Motion, the Debtors shall transmit to all

22   known creditors of each estate a notice setting forth the

23   pertinent information with respect to the joint administration

24   (which notice may be combined with other notices to creditors).

25   C.   No Creditors will be Prejudiced by Joint Administration.

26   There will be no material prejudice to creditors if these

27   estates are jointly administered, because administration does

28   not equate to substantive consolidation.  Indeed, as discussed

1 | above, joint administration would benefit all creditors by
2 | substantially reducing costs and administrative burdens in
3 | general.

4 | D.   Were an Actual Conflict to Arise in the Course of the
5 |      Debtors' Cases, the Court may Alleviate Any Prejudice to
6 |      Creditors Pursuant to Its Discretion Under Rule 1015.

7 |      If an actual conflict arises among the estates in the
8 | future, through the Court's broad powers to oversee the joint
9 | administration of these cases, the Court could easily limit
10 | joint administration to the extent necessary to alleviate any
11 | prejudice such conflict may cause to creditors.   Under Rule
12 | 1015(c) of the Federal Rules of Bankruptcy Procedure, "while
13 | protecting the rights of parties under the Code, the court may
14 | enter orders as may tend to avoid unnecessary costs and delay."[5]
15 | Exercising its discretion under this Rule, the Court should be
16 | able to promote the interest of the estates through
17 | administrative efficiency, while at the same time protecting
18 | the rights of individual creditors if and when the need arises.
19 | Until a conflict arises, there is no reason why the Court
20 | should not authorize joint administration.

21 |                              III.

22 |                          CONCLUSION

23 |      WHEREFORE, based on this Motion, the record in these
24 | cases, including the pleadings and documents filed on behalf of
25 | the parties, the arguments and representations of counsel, and
26 | any oral or documentary evidence presented at or prior to the

27 |

28 | [5]    Fed.R.Bankr.P. 1015(c)

1  time of the hearing on this Motion, Museum respectfully

2  requests that this Court enter an order:  (1) granting this

3  Motion and authorizing the joint administration of these cases;

4  and (2) granting such other and further relief as the Court

5  deems just and appropriate.

6      DATED:    February **25**, 2010.

7                              MICHAELSON, SUSI & MICHAELSON
                               A Professional Corporation
8

9                              By
10                                 PETER SUSI, Attorneys for
                                   Debtor and Debtor-in-
11                                 Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF TODD FISHER

I, Todd Fisher, declare:

1.    I am the trustee for Hollywood Motion Picture Trust
("Trust").

2.    I have personal knowledge of the facts stated herein
and am competent to testify thereto.

3.    Trust and Selden have entered into agreements with
Gregory Orman ("Orman") whereby Trust and Selden have pledged
personal property assets to secure the obligations of Museum to
Orman.  Orman has brought suit against Museum, Trust, and
Selden in the District Court of Johnson County, Kansas, Case
No. 08-CV-06262, seeking judgments against all three based upon
money loaned to Museum.

4.    Orman has filed a Proof of Claim in the Museum case
seeking payment of the amount of $5,516,845.99 plus interest of
thirty percent (30%) per annum on $2,020,000 from and after
June 12, 2009 until paid.  Trust, Selden, and Museum dispute
the amount claimed.

5.    Trust and Selden each filed for protection under
Chapter 11 of the Bankruptcy Code to stay the Kansas litigation
and intend to file a joint plan of reorganization which will
provide for payment of the Orman obligation in full on terms to
be approved by the Bankruptcy Court.

6.    Museum, Trust and Selden are all affiliates of one
another as defined under Bankruptcy Code section 101(2)(B).
All three entities are controlled and substantially owned by my
mother, sister, and me.  With the exception of a building owned
by Selden, the only significant assets of each of the entities

1    are costumes and Hollywood memorabilia collected by my mother,

2    sister, and me over a lifetime.  These personal property assets

3    were all to be displayed in a single museum being constructed

4    in Tennessee.

5         7.   All three debtors intend to file a single joint plan

6    of reorganization.  The plan will address the claim of our only

7    significant creditor, aside from the first mortgage on Selden's

8    building, Greg Orman.  Mr. Orman holds a security interest in

9    all the personal property to secure a single obligation.  The

10   issues, the assets, and the principal debtor adversary party

11   are the same in all three cases.

12        I declare under penalty of perjury that the foregoing is

13   true and correct.

14        Executed this ___ day of February, 2010, at Creston,

15   California.

16                                   _____

17                                   TODD FISHER

18

19

20

21

22

23

24

25

26

27

28

1 | **MICHAELSON, SUSI & MICHAELSON**    (SPACE BELOW FOR FILING STAMP ONLY)
A Professional Corporation
2 | ATTORNEYS AT LAW
SEVEN WEST FIGUEROA STREET, SECOND FLOOR
3 | SANTA BARBARA, CALIFORNIA 93101-3191
Telephone:  (805) 965-1011
4 | Facsimile:  (805) 965-7351

Peter Susi, Bar No. 62957

5

6 | Attorneys for Debtors and Debtors-in-Possession

7

8 | ### UNITED STATES BANKRUPTCY COURT

9 | ### CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

10

| | |
|---|---|
| In re | BK No. 9:09-bk-12311-RR |
| HOLLYWOOD MOTION PICTURE AND TELEVISION MUSEUM, a California Non-Profit Corporation, | Chapter 11 |
| | Jointly Administered with: Case No: 9:10-bk-10864-RR and Case No: 9:10-bk-10865-RR |
| HOLLYWOOD MOTION PICTURE TRUST, and | |
| SELDEN ENTERPRISES LIMITED PARTNERSHIP, , | |
| Debtors. | |
| [ ] Affects all Debtors | |
| [ ] Applies only to Hollywood Motion Picture and Television Museum | |
| [ ] Applies only to Hollywood Motion Picture Trust | |
| [ ] Applies only to Selden Enterprises Limited Partnership | |

## EXHIBIT " 1 "

- 1 -

\\

| In re: | | CHAPTER 11 |
| HOLLYWOOD MOTION PICTURE TRUST | | |
| | Debtor(s). | CASE NUMBER  9:10-bk-10864 |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
7 West Figueroa Street, Second Floor, Santa Barbara, California 93101.

The foregoing document described   MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED
CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b) AND LOCAL BANKRUPTCY RULE
1015-1(b); DECLARATION OF TODD FISHER IN SUPPORT THEREOF          will be served or was served
**(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink
to the document.  On      February 26, 2010                                      , I checked the CM/ECF
docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic
Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On      February 26, 2010                            , I served the following person(s) and/or entity(ies) at the last known
address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as
follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.*

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or
entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on      February 26, 2010                              , I
served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such
service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that
personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

VIA PERSONAL DELIVERY
The Honorable Robin L. Riblet
U.S. Bankruptcy Court
1415 State Street
Santa Barbara, CA  93101

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 26, 2010 | Cheryl Niccoli | *Cheryl Niccoli* |
| Date | Type Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                          **F 9013-3.1**

SERVED ELECTRONICALLY

Brian D. Fittipaldi    brian.fittipaldi@usdoj.gov
United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov


SERVED BY U.S. MAIL

Eric C Carter
5100 W 95th Street Suite 260
Overland Park, KS 66207-3305

David Y Farmer
Farmer & Ready
PO Box 1443
San Luis Obispo, CA 93406

Hollywood Motion Picture & TV Museum
4124 North Ryan Road
Creston, CA  93432

Norton Hubbard et al
Attention Frank Lipsman
PO Box 550
Olathe, KS 66051

Gregory J Orman
26733 W 109th Street
Orman, KS  66061-7499

Selden Enterprises Limited Partnership
4124 North Ryan Road
Creston, CA  93432